NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0305n.06

Case No. 24-1032

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

GENE RAYMOND BELL, JR,

    Plaintiff-Appellee,

v.

CITY OF SOUTHFIELD, MICHIGAN,

    Defendant

ANTHONIE KORKIS, Officer; ARTHUR BRIDGEFORTH, Officer; THOMAS LANGEWICZ, II, Officer,

    Defendants-Appellants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**FILED**
Jul 16, 2024
KELLY L. STEPHENS, Clerk

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

OPINION

Before: WHITE, THAPAR, and LARSEN, Circuit Judges.

THAPAR, Circuit Judge. In police encounters, the parties often dispute who started it. Gene Bell claims officers used excessive force when they removed him from his car during a traffic stop. The officers, in turn, allege Bell instigated by physically resisting. Because it's not our role to decide "who started it," we dismiss.

During a traffic stop, Gene Bell refused to provide his license and registration despite repeated requests from Officer Anthonie Korkis. As Officer Korkis waited for other units to arrive, he told Bell that if he continued to refuse, he'd be forcibly removed from his car and arrested for

obstruction. A few minutes later, Officer Korkis made good on his warning, reaching in to unlock Bell's car door.

Here's where accounts diverge. The officers claim Bell slapped Officer Korkis's hand away from the lock. Bell disagrees, claiming he never resisted and the force against him was unprovoked. Everyone agrees Bell was then pulled from his car, tased, and arrested.

Bell sued, claiming the officers used excessive force when they (1) pulled him from the car and (2) tased him during arrest. The officers invoked qualified immunity, which we granted on the latter claim based on video footage that clearly showed Bell was resisting arrest when officers tased him. *Bell v. City of Southfield* (*Bell I*), 37 F.4th 362, 367–68 (6th Cir. 2022); *see Scott v. Harris*, 550 U.S. 372, 380 (2007). But because video footage was inconclusive on what happened inside the car—namely, whether Bell physically resisted by slapping Officer Korkis's hand away—we lacked jurisdiction over that factual dispute and dismissed. *Bell I*, 37 F.4th at 366.

After discovery, the officers again asserted qualified immunity in a motion for summary judgment. The district court denied the officers' motion, and the officers once again appealed.

Ordinarily, denials of summary judgment aren't immediately appealable. *See* 28 U.S.C. § 1291. But when defendants assert and are denied qualified immunity, we have jurisdiction to review legal questions but not factual ones. *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985); *Bell I*, 47 F.4th at 365.

The officers repeat their claim that Bell slapped Officer Korkis's hand before they used force against him. Appellant Br. 30 ("Plaintiff slapped Ofc. Korkis' hand inside the vehicle."); *id.* at 31 (noting "verbal[] *and* physical[]" resistance (emphasis added)). Bell maintains he didn't. The video footage still doesn't reveal the truth. *Bell I*, 37 F.4th at 366. Discovery didn't either.

So at the end of the day, we're left with the very same factual dispute we declined to address in *Bell I*. Accordingly, we lack jurisdiction to resolve the officers' claim to immunity.

The officers suggest otherwise, pointing to inconsistencies in Bell's deposition testimony. But Bell maintains he didn't slap Officer Korkis. So any inconsistency merely affects his credibility; it doesn't conclusively establish the truth. *Cf. United States v. Acosta*, 924 F.3d 288, 303 (6th Cir. 2019). And Bell's credibility is a matter for the jury—not us.

Because the officers' appeal disputes whether Bell physically resisted, we lack jurisdiction over it.[1] We dismiss.

---

[1] The officers never argue their force would've been justified even if Bell hadn't slapped Officer Korkis's hand. *See Bell I*, 37 F.4th at 366 n.1. We therefore do not consider that legal question.